UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| KENNETH BOATMAN, | ) | |
| *Plaintiff*, | ) ) ) | No. 3:17-cv-536 |
| v. | ) ) | District Judge Atchley |
| COMCAST OF THE SOUTH, L.P., and COMCAST OF THE SOUTH, | ) ) ) | Magistrate Judge McCook |
| *Defendants*. | ) ) | |

**FINDINGS OF THE CLERK**

Defendants, Comcast of the South, L.P., and Comcast of the South, filed a Bill of Costs against Plaintiff Kenneth Boatman on July 15, 2021 [Doc. 251], followed by an amended Bill of Costs on July 19, 2021 [Doc. 252]. Plaintiff filed an Objection to Defendants' Bill of Costs on August 2, 2021. [Doc. 253]. Defendants submitted a response to Plaintiff's Objection on August 16, 2021. [Doc. 254]. Accordingly, this matter is ripe for determination. *See* E.D. Tenn. L.R. 54.1.

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Title 28 United States Code section 1920 defines the term "costs" and "enumerates [the] expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987); *see also* 28 U.S.C. § 1920 (2018). That is, the Clerk may only tax costs as permitted by Title 28 United States Code sections 1821 and 1920, or as otherwise provided by law. *See* 28 U.S.C. §§ 1821 and 1920.

1

Although the Court has discretion to deny costs, there is a presumption in favor of awarding costs to the prevailing party. Fed. R. Civ. P. 54(d); *see Freeman v. Blue Ridge Paper Products, Inc.*, 624 Fed. Appx. 934, 938 (6th Cir. 2015) (stating Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court"). Bills of costs filed in this Court must be prepared in accordance with the Court's *Guidelines on Preparing Bills of Costs*. *See* E.D. Tenn. L.R. 54.1. The Clerk will not tax costs that do not comply with the *Guidelines* or that are not supported with appropriate documentation. E.D. Tenn. L.R. 54.1, *Guidelines* I(A).

Defendants have requested $872.12 in service fees, $4,272.30 in deposition transcript fees, $705.13 in witness fees, $1,891.40 in exemplification fees, and $3,042.00 in other fees and has submitted itemizations, receipts, and invoices in support of these expenses. [Doc. 252-1]. The Plaintiff specifically objects to various fees, to which Defendants respond. The undersigned will review each requested expense and will address these objections as well as review each requested expense for compliance with the *Guidelines*.

## **Subpoena Service Fees**

Defendants request $872.12 in service costs. [Doc. 252, p.1]. In support of this request, Defendants submit an invoice from Ridgeview Investigative Services for service of subpoena to Anthony Fultz for a total of $322.12. [Doc. 252-1, p. 3]. The invoice provides a cost breakdown of $150 to serve the subpoena, $41.12 for mileage (78 miles x $0.54), and $130.00 for time (2 hours x $65). Plaintiff objects to these expenses as exceeding the U.S. Marshal's fee. [Doc. 253, p. 2]. The *Guidelines* provide that "costs for service by a private process server may be taxed provided that the private process server fees do not exceed the U.S. Marshals' fees." E.D. Tenn.

L.R. 54.1, *Guidelines* III(C). The U.S. Marshals' currently charges $65 per hour for personal service plus travel costs. 28 C.F.R. § 0.114(3).

Accordingly, the $150 charged as a "service fee" will be **DISALLOWED**. The $41.12 for mileage and $130 for time shall be **ALLOWED**. The total amount **ALLOWED** for the Ridgeview Investigative Services invoice is $171.12.

Defendants have also submitted an invoice from Jennifer Plott for subpoena service to Darrell Whitaker, Zachary Headrick, Rosemary Nichols, Jeff Conrad, Michael Dyke, Christopher Dyer, Mike McKeever, Corey Darnell, Keith McGinnis, Brandon Phillips, and Robert Pollard, charging $50 for personal service to each named individual for a total of $550. [Doc, 252-1, p. 5]. Plaintiff objects to the costs for service of trial subpoenas to Zachary Headrick, Jeff Conrad, Michael Dyke, Mike McKeever, Cory Darnell, Keith McGinnis, and Brandon Phillips because they were not called at trial. [Doc. 253, pp. 2-3]. Defendants respond by arguing that the Defendants were subpoenaed prior to trial on good-faith belief that their testimony would be necessary based in part on witnesses identified by the Plaintiff in his Witness and Exhibit List. [Doc. 254, p. 3]. "When it became apparent that their testimony would be cumulative, they were not called (except Cory Darnell) and did not physically appear in the courtroom." *Id.* at p. 4.

The Court's *Guidelines* state only that "[c]osts for service by a private process server may be taxed provided that the process server fees do not exceed the U.S. Marshal's fees." E.D. Tenn. L.R. 54.1, *Guidelines* III(C)(3). Courts have held that a party may recover the costs for service of a trial subpoena even when that party does not call the witness at trial if the subpoenas were reasonable and necessary when served in light of the facts known at the time of service. *See Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 2001 WL 862642, *1 (M.D.Fla. May 4, 2001)

3
Case 3:17-cv-00536-CEA-JEM   Document 255   Filed 04/18/22   Page 3 of 17   PageID #: 12115

(awarding costs for service of trial subpoenas on witnesses who never testified); *Barrera v. Weiss & Woolrich Southern*, 900 F.Supp.2d 1328, 1333 (S.D.Fla. 2012) (same); *Movitz v. First Nat. Bank of Chicago,* 982 F.Supp. 571, 574 (N.D.Ill. Oct. 23, 1997) ("In order to award costs for service of subpoenas, the court need only to determine whether the subpoenas were reasonable and necessary when served in light of the facts known at the time of service.").

Accordingly, the entire $550.00 charged as service fees by the Jennifer Plott invoice shall be **ALLOWED**.

The total amount **ALLOWED** for fees of service is $721.12.

### Deposition Transcript Fees

"Costs of printed or electronically recorded transcripts are taxable if (1) the transcripts were necessarily obtained for use in the case and (2) the deposition was reasonably necessary at the time of its taking." E.D. Tenn. L.R. 54.1, *Guidelines* III(D)(1). Regardless of what fee the court reporter charged the party, the Court limits the amount recoverable as costs for deposition transcripts to the Judicial Conference transcript rates as the maximum taxable transcript fees. *Id.* at *Guidelines* III(D)(2). The current rates are $3.65 per page for an original transcript and $.90 per page for a copy.[1] Costs of deposition transcripts that do not set forth the number of pages or rate per page will not be taxed. *Id.* at *Guidelines* III(D)(2)(i). The *Guidelines* further provide that "[e]xtra fees charged by reporters for mileage, per diem, expeditious handling, condensed transcripts, ASCII disks, postage, deposition exhibits, etc., shall not be taxed, unless advanced authorization was sought and received from the Court." E.D. Tenn. L.R. 54.1, *Guidelines* III(D)(4).

---

[1] https://www.tned.uscourts.gov/court-reporter-rates (May 10, 2019).

Defendants request a total of $4,272.30 for deposition transcript fees. The undersigned will review each requested fee, the Plaintiff's objections, and apply the provisions of the *Guidelines* to the requests as follows:

1. <u>Deposition of Blake Hearn Vol. 1 and Vol. 2</u> [Doc. 252-1, pp. 9-10]. Defendants request costs for copies of the deposition transcripts of Blake Hearn, Volume 1 [Doc. 252-1, p. 10] and Volume 2 [Doc. 252-1, p. 9]. Plaintiff does not object to these costs. The costs requested, however, exceed the amounts allowed by the *Guidelines*. Accordingly, the following costs will be **ALLOWED**: $104.40 (116 pages x $0.90) for a copy of Volume 1 of Blake Hearn's deposition transcript and $64.80 (72 pages x $0.90) for a copy of Volume 2 of Blake Hearn's deposition transcript. The remaining $145.00 and $90.00 requested shall be **DISALLOWED** because the rate charged is higher than the maximum allowable for copies.

The total amount **ALLOWED** for the copies of Volume 1 and 2 of the deposition transcripts of Blake Hearn is $169.20.

2. <u>Feb. 14, 2019, Depositions of James Fielden, Keith McGinnis, and Nicolas Maples</u> [Doc. 252-1, pp. 8, 11]. Plaintiff objects the taxation of costs for copies of these deposition transcripts because "these depositions were not used at trial." [Doc. 253, p. 3]. However, all three of these individuals were noticed and deposed by Plaintiff. [Doc. 254, p. 5]. Accordingly, the transcripts were necessarily obtained for use in the case and are properly taxable. E.D. Tenn. L.R. 54.1, *Guidelines* III(D)(1). The costs requested, however, exceed the amounts allowed by the *Guidelines*. Accordingly, the following costs will be **ALLOWED**: $36.00 (40 pages x $0.90) for a copy of the deposition transcript of James Fielden; $60.30 (67 pages x $0.90) for a copy of the deposition transcript of Nicholas Maples; and $108.90 (121 pages x $0.90) for a copy of the deposition transcript of Keith McGinnis. The remaining $50.00, $83.75, and $151.25 requested

in fees for copies of the deposition transcripts of James Fielden, Nicholas Maples, and Keith McGinnis, respectively, will be **DISALLOWED** because the rate charged is higher than the maximum allowable for copies.

The total amount **ALLOWED** for the copies of deposition transcripts of James Fielden, Nicholas Maples, and Keith McGinnis is $205.20.

3. <u>Invoice No. 63099</u> [Doc. 252-1, p. 12]. Defendants request $37.50 as costs for court reporter fees associated with a February 14, 2019, hearing before the Court. [Doc. 252-1, p. 12]. Plaintiff objects to the expense as unreasonable and necessary [Doc. 253, p. 3] and Defendants, in response, have withdrawn their request [Doc. 254, p. 6]. Accordingly, the undersigned shall not address the $37.50 in fees associated with the February 14, 2019, hearing.

4. <u>Deposition Transcript of Terry Eller and Justin Wilburn, Volume I</u> [Doc. 252-2, p. 14]. Defendants request $694.35 as costs for the "[d]eposition of Justin Wilburn Part 1 & Terry Eller paid to Jeff Rusk Court Reporting & Video, LLC." [Doc. 252-1, p.8]. The applicable invoice provides a charge of $288.00 for the deposition of "Donald [Justin] Wilburn" and $180.00 for the deposition of "Terry Eller," but does not provide any page numbers. [Doc. 252-1, p. 14]. Defendants list "208" as the "pages" on their itemization, but do not distinguish how many pages per each transcript. [Doc. 252-1, p. 8]. Because there is insufficient information for the undersigned to determine the actual number of pages of the deposition transcripts, and in turn, calculate the maximum allowable cost, the costs requested for a copy of the deposition transcript of Justin Wilburn, Vol. I, and Terry Eller will be **DISALLOWED**. *See* E.D. Tenn. L.R. 54.1, *Guidelines* I(A)(3).

Unless advanced authorization is received from the Court, extra fees are not taxable. *Id.* at III(D)(4). Accordingly, the $52.00 charged for indexing and the $174.35 charged for exhibits will be **DISALLOWED**.

    5.    <u>Deposition Transcript of Justin Wilburn Volume II</u> [Doc. 252-1, p. 13].

Defendants request $299.50 as costs for the "[d]eposition of Justin Wilburn Part 2 paid to Jeff Rusk Court Reporting & Video, LLC." [Doc. 252-1, p. 8]. The applicable invoice provides a charge of $191.25 for a copy of the "deposition of Justin Wilburn, Vol II," but does not provide any page numbers. [Doc. 252-1, p. 13]. Defendants list "437" as the "pages" on their itemization [Doc. 252-1, p. 8], but the rate allowed by the Guide (437 pages x $0.90 = $393.30) exceeds what was charged by the reporter. Because there is insufficient information for the undersigned to determine the actual number of pages of the deposition transcript, and in turn, calculate the maximum allowable cost, the costs requested for a copy of the deposition transcript of Justin Wilburn, Vol. II, will be **DISALLOWED**. *See* E.D. Tenn. L.R. 54.1, *Guidelines* I(A)(3).

Unless advanced authorization is received from the Court, extra fees are not taxable. *Id.* at III(D)(4). Accordingly, the $21.25 charged for indexing, the $72.00 charged for exhibits, and the $15.00 charged for postage will be **DISALLOWED**.

    6.    <u>Invoice No. 65744</u> [Doc. 252-1, p. 15]. The following charges will be **ALLOWED**: $37.80 (42 pages x $0.90) for a copy of the deposition transcript of Roy Harmon. The remaining $52.50 charged for a copy of the deposition transcript of Roy Harmon will be **DISALLOWED** because the rate charged is higher than the maximum allowable for copies. Unless advanced authorization is received from the Court, extra fees are not taxable. *Id.* at III(D)(4). Accordingly, the $8.50 charged for postage and handling will be **DISALLOWED**.

The total amount **ALLOWED** for this invoice is $37.80.

7. <u>Invoice No. 191224-WRJ</u> [Doc. 252-1, p. 16]. The invoice lists the following charges: $178.75 for a copy of the deposition transcript of Michael Dyke, $90.75 for a copy of the deposition transcript of Brandon Phillips, $55.00 for a copy of the deposition transcript of Zachary Headrick, $634.50 for an expedited copy of the deposition transcript of Rosemary Nichols, $258.50 for a copy of the deposition transcript of Cory Darnell, $22.50 for exhibits, and $15.00 for postage, for a total of $1,255.00. Plaintiff objects to the costs for exhibits and postage [Doc. 252, p. 3] and Defendants have withdrawn their request for those costs [Doc. 253, p. 6]. The invoice does not provide the number of pages for each transcript. Although Defendants state that the total is 336 pages [Doc. 252-1, p. 8], they fail to state how many pages per transcript or to account for the expedited transcript of Rosemary Nichols. *See* E.D. Tenn. L.R. 54.1, III(D)(4) (extra fees, including expedition, are not taxable). From the record, the undersigned can only find definitive proof of the number of pages for the deposition of Michael Dyke [Doc. 135-3] and the deposition of Cory Darnell [Doc. 135-4]. Accordingly, $58.50 (65 pages x $0.90) for a copy of the deposition of Michael Dyke and $84.60 (94 pages x $0.90) for a copy of the deposition of Cory Darnell will be **ALLOWED**. The remaining costs requested for the deposition transcripts of Brandon Phillips, Zachary Headrick, and Rosemary Nichols will be **DISALLOWED** because there is insufficient information for the undersigned to determine whether the requested charges are allowable. *See* E.D. Tenn. L.R. 54.1, *Guidelines* I(A)(3).

The total amount **ALLOWED** for this invoice is $143.10.

8. <u>*Daubert* Proceeding Transcripts</u> [Doc. 252-1, pp. 17-18]. Defendants request $51.30 in court reporter fees "paid to Rebekah M. Lockwood for services during the Daubert hearing on 3/25/20" and $669.30 in court reporter fees "paid to Rebekah M. Lockwood for excerpts of transcripts of Daubert Hearing on 11/4/19." [Doc. 252-1, p. 8]. The *Guidelines* provide that

fees for transcripts for pretrial hearings are taxable "if necessarily obtained and not merely for the convenience of counsel." E.D. Tenn. L.R. 54.1, III(D)(1)(vi). Plaintiff objects to these costs by stating there was no reason for Defendants to procure the transcript other than for convenience of counsel. [Doc. 232, pp. 3-4]. Defendants counter that the transcripts "were necessarily obtained for use in this case" because the transcripts "contained relevant issues presented during the trial of the case" and Plaintiff "sought to introduce the testimony of Carl Lundin in the Daubert hearing through the transcript at trial." [Doc. 254, p. 6]. Accordingly, the undersigned finds the transcripts were necessarily obtained for use in the case and as such, are taxable. *See Crouch v. Teledyne Continental Motors, Inc.*, 2013 WL 203408, *5 (S.D. Ala. Jan. 17, 2013) (taxing costs for Daubert hearing transcript).

Accordingly, the $51.30 (57 pages x $0.90) for a copy of the *Daubert* hearing testimony of Donald J. Hoffman, Ph.D. will be **ALLOWED.** [Doc. 252-1, p. 17]. However, the charges for excerpts of the *Daubert* hearing testimony of Timothy Dunn (54 pages), Roger Goins (35 pages), and Carl Lundin, Ph.D (49 pages) includes costs for expedited handling. [Doc. 252-1, p. 18]. Unless advanced authorization is received from the court, fees for expeditious handling are not authorized. E.D. Tenn. L.R. 54.1, III(D)(4). Accordingly, $197.10 (54 pages x $3.65), $127.75 (35 page x $3.65), and $178.85 (49 pages x $3.65) will be **ALLOWED** for the original *Daubert* hearing testimony transcripts of Timothy Dunn, Roger Goins, and Carl Lundin, Ph.D.

The total amount **ALLOWED** for a copy of the *Daubert* hearing testimony transcript of Donald J. Hoffman, Ph.D. and original *Daubert* hearing testimony transcripts of Timothy Dunn, Roger Goins, and Carl Lundin, Ph.D., is $555.00.

9. <u>Invoice No. 103297</u> [Doc. 252-1, p. 19]. The following charges will be **ALLOWED**: $26.10 (29 pages x $0.90) and $30.60 (34 pages x $0.90) for certified copies of the

deposition transcripts of Randall Mallicote and David Hobson, respectively. The remaining $39.15 and $45.90 charged will be **DISALLOWED** because the rate charged is higher than the maximum allowable for copies.

The total amount **ALLOWED** for copies of the deposition transcripts of Randall Mallicote and David Hobson is $56.70.

10. <u>Invoice No. 202100286</u> [Doc. 252-1, p. 20]. Defendants request $49.05 for a 3-day transcript of the June 24, 2021, recross examination of witness Dunn. Plaintiff objects to these costs claiming that they are not provided for in the *Guidelines*. [Doc. 253, p. 4]. The Clerk may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Defendants argue that the transcript was necessarily obtained for use in the case because it was referenced in Defendants' Brief in Support of its Motion for Judgement as a Matter of Law. [Doc. 254, p. 7]. "The court has discretion to tax the cost of transcripts of court proceedings when: (1) the transcripts are necessarily obtained for use in the case and (2) the cost is reasonable." *Asphalt Supply & Service, Inc. v. U.S.*, 75 Fed.Cl. 598, 602 (Fed. Claims Ct. 2007). Trial transcripts obtained for use in post-trial motions may be taxed as costs. *See Denton v. DaimlerChrysler Corp.*, 645 F.Supp.2d 1215, 1228 (N.D.Ga. July 27, 2009) (taxing costs of trial transcripts used in responding to various post-trial motions). The undersigned finds the transcript was necessarily obtained for use in the case as Defendants referenced it in their post-trial motion. However, Defendants do not provide any reasoning why a 3-day request was necessary, and expedited handling charges are presumptively disallowed under the *Guidelines*. E.D. Tenn. L.R. 54.1, III(D)(4). Accordingly, the following costs will be **ALLOWED**: $32.85 (9 pages x $3.65) for an original transcript of witness Dunn's recross examination. The remaining

10
Case 3:17-cv-00536-CEA-JEM Document 255 Filed 04/18/22 Page 10 of 17 PageID #: 12122

$16.02 requested will be **DISALLOWED** because the rate charged is higher than the maximum allowable.

The total amount **ALLOWED** for this invoice is $49.05.

### Witness Fees

The Clerk may tax the daily attendance fees and travel expenses paid pursuant to 28 U.S.C. § 1821 for any witness who attended trial or a hearing or who appeared before anyone authorized to take his or her deposition. E.D. Tenn. L.R. 54.1, *Guidelines* III(F)(1). The party or counsel must submit a certification providing the name of the witness, the place from which the witness traveled from, the number of days the witness actually testified, and the manner of travel. *Id.* at III(F)(2). Completion of the witness fees section of Form AO-133 meets that certification requirement. *Id.* at III(F)(3).

Defendants request $705.13 in witness fees, supported by a Certificate of Witness Fees and supporting documents evidencing the witness fees, subsistence, and mileage paid to each witness. [Doc. 252, pp. 1-2; Doc. 252-1, p. 22]. Plaintiff objects to the witness fees sought for Jeff Conrad, Brandon Phillips, Michael Dyke, Zachary Headrick, Mike McKeever, and Keith McGinnis "because none of them appeared at trial nor were they necessary as witnesses at trial." [Doc. 243, pp. 4-5]. In response, Defendants state that they "reasonably expected the necessity of trial attendance of firefighters Jeff Conrad, Brandon Phillips, Michael Dyke, and Zachary Headrick, as well as, Plaintiff's employee, Mike McKeaver, and Comcast's employee, Keith McGinnis," [Doc. 242, p. 11] but these individuals were not ultimately called as witnesses when "it became apparent their testimony would be cumulative" [Doc. 245, p. 4]. The *Guidelines* provide that "[c]ounsel will be expected to justify the witness fee for any day that a particular witness has not testified, as reflected in the courtroom minutes." E.D. Tenn. L.R. 54.1, *Guidelines* III(F)(1)(i)(a). Defendants'

explanation that counsel deemed the testimony of these witnesses to be unnecessary and cumulative provides sufficient justification for seeking the witness fees paid to Jeff Conrad, Brandon Phillips, Michael Dyke, Zachary Headrick, Mike McKeever, and Keith McGinnis, and as such, will be **ALLOWED**.

The remaining witness fees requested, specifically $41.86 for the trial attendance of Darrel Whitaker, $40.64 for the trial attendance of Robert Polland, $40.64 for the trial attendance of Rosemary Nichols, $40.64 for the trial attendance of Cory Darnell, $46.79 for the trial attendance of Chris Dyer, $64.42 for the trial attendance of Anthony Fultz, $56.35 for the deposition attendance of Chris Dyer, $56.25 for the deposition attendance of Robert Polland, and $56.35 for the deposition attendance of Darrell Whitaker, are **ALLOWED** as proper under 28 U.S.C. § 1821 and the Court's *Guidelines*.

The total amount **ALLOWED** as witness fees is $705.13.

## Exemplification Costs

The Clerk may tax fees for exemplification and copies "where the copies are necessarily obtained for use in the case." 18 U.S.C. § 1920(4). The general rule followed by this Court is that duplicating expenses are properly taxable only to the extent that the copies were used in support of a successful motion for summary judgment, as exhibits at trial, or were furnished to and used by the court or opposing counsel. E.D. Tenn. L.R. 54.1, *Guidelines* I(2). *See EEOC v. Kenosha Unified School Dist. No. 1,* 620 F.2d 1220, 1227-28 (7th Cir. 1980) ("The phrase 'for use in the case' refers to materials actually prepared for use in presenting evidence to the court"). "A party will not be taxed for multiple copies of documents, attorney correspondence, or any other copying expense accrued merely for counsel's own use or convenience." E.D. Tenn. L.R. 54.1, *Guidelines* III(I).

Defendants request $1,891.40 in costs for exemplification. [Doc. 252-1, pp. 50-51]. Plaintiff objects to these costs as "unreasonably, unnecessary, and/or not allowable pursuant to 28 U.S.C. § 1920 or the Guidelines" because "Defendants did not use 18,914 pages of documents at trial and Defendants did not furnish 18,914 pages of documents to Plaintiff' and because "no motion for summary judgment was granted in this case." [Doc. 253, pp. 5-6]. Defendants respond by citing to an unpublished Sixth Circuit case stating that the taxation of costs for photocopying copies attributable to discovery, copies of pleadings, correspondence, etc. are taxable. *Jordan v. Vercoe*, 966 F.2d 1452, 1992 WL 96348, at *1 (6th Cir. 1992). The Sixth Circuit, however, further explained that "[c]ourts often contrast copies necessarily produced to meet discovery obligations, which are recoverable, with copies produced solely for internal use or the convenience of counsel in conducting discovery, which are not." *Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 298 (6th Cir. Mar. 17, 2015).

The undersigned has reviewed Defendants' amended list of claimed copying expenses, which includes a brief description of each claimed expense, to determine whether each copy was necessarily produced (that is, provided to the Court or opposing counsel, used as exhibits at trial or in pretrial motions, or produced to otherwise meet the Defendants' discovery obligations) or whether the copy was incurred for Defendants' internal use or convenience of counsel. The undersigned findings are as follows:

| **Description of Expense** | **Finding of the Clerk** |
|---|---|
| 4/17/18 expense of $7.00 for 70 copies for "discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 4/17/18 expense of $88.90 for 889 color copies for "discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 5/23/18 expense for of $40.40 for 404 color copies for "discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 6/12/18 expense of $4.70 for 47 copies for "discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |

| | |
|---|---|
| 6/12/18 expense of $67.10 for 671 color copies for "discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 11/2/18 expense for $58.10 for 581 color copies for "exhibits and documents for use during depositions" | Disallowed as incurred for internal use or convenience of counsel |
| 11/5/18 expense of $155.00 for 1,550 color copies for "exhibits and documents for use during depositions" | Disallowed as incurred for internal use or convenience of counsel |
| 11/13/18 expense of $25.90 for 259 copies for "supplemental discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 11/26/18 expense of $13.10 for 131 copies for "supplemental discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 11/26/18 expense of $42.30 for 423 copies for "supplemental discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 2/15/19 expense of $25.60 for 256 color copies for "transcript printing for use at trial" | Disallowed as incurred for internal use or convenience of counsel |
| 2/25/19 expense of $ 31.90 for 319 copies for "transcript printing for use at trial" | Disallowed as incurred for internal use or convenience of counsel |
| 2/26/19 expense of $61.20 for 612 copies for "transcript printing for use at trial" | Disallowed as incurred for internal use or convenience of counsel |
| 3/5/19 expense of $26.00 for 260 copies of "transcript printing for use at trial" | Disallowed as incurred for internal use or convenience of counsel |
| 3/7/19 expense of $7.60 for 76 color copies of "supplemental discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 3/19/19 expense of $16.20 for 162 color copies for "supplemental discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 3/25/19 expense of $30.10 for 301 color copies for "supplemental discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 4/25/19 expense of $15.00 for 150 copies of "printing of photographs from artifact inspection" | Disallowed as incurred for internal use or convenience of counsel |
| 4/25/19 expense of $20.20 for 202 copies of "printing of exhibits included in Expert Disclosures | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 4/25/19 expense of $43.30 for 433 color copies for "printing of NFPA Guide for Fire Investigations for use at trial" | Disallowed because Defendants did not specify how copies were used at trial, so undersigned cannot determine whether the use was necessary or for counsel's convenience |
| 5/3/19 expense of $26.20 for 262 color copies for "printing of exhibits/documents during deposition of Plaintiff's cause and origin expert" | Disallowed as incurred for internal use or convenience of counsel |
| 5/24/19 expense of $4.00 for 40 color copies for "production of Comcast's expert disclosures" | **ALLOWED** as use for meeting Defendants' discovery obligations |

| | |
|---|---|
| 5/24/19 expense of $5.20 for 52 color copies for "printing of Plaintiff's expert disclosures for impeachment use at trial" | Disallowed as incurred for internal use or convenience of counsel |
| 5/24/19 expense of $5.20 for 52 color copies for "printing of Plaintiff's expert disclosures for impeachment use at trial" | Disallowed as incurred for internal use or convenience of counsel |
| 5/224/19 expense of $15.40 for 154 color copies for "printing of Plaintiff's expert disclosures for impeachment use at trial" | Disallowed as incurred for internal use or convenience of counsel |
| 6/6/19 expense of $20.80 for 208 color copies for "supplemental discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 6/12/19 expense of $20.80 for 208 copies for "supplemental discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 6/12/19 expense of $97.20 for 972 copies for "transcript printing for use at *Daubert* hearing" | Disallowed as incurred for internal use or convenience of counsel |
| 6/13/19 expense of $2.00 for 20 copies for "printing of Plaintiff's pretrial motions for use at hearing on same and trial" | Disallowed as incurred for internal use or convenience of counsel |
| 6/13/19 expense of $19.00 for 190 copies for "printing of Plaintiff's pretrial motions for use at hearing on same and trial" | Disallowed as incurred for internal use or convenience of counsel |
| 6/13/19 expense of $21.00 for 210 copies for "supplemental discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 6/24/19 expense of $20.20 for 202 color copies for "supplemental discovery production" | **ALLOWED** as use for meeting Defendants' discovery obligations |
| 6/24/19 expense of $51.20 for 512 copies for "printing of exhibits/reports for use during pretrial hearings" | Disallowed as incurred for internal use or convenience of counsel |
| 8/12/19 expense of $47.20 for 472 copies for "printing of exhibits/reports for use during court ordered mediation" | Disallowed as incurred for internal use or convenience of counsel |
| 10/31/19 expense of $70.50 for 705 copies for "printing of exhibits/reports for use during pretrial hearings" | Disallowed as incurred for internal use or convenience of counsel |
| 11/1/19 expense of $23.10 for 231 color copies for "printing of exhibits/reports for use during pretrial hearings" | Disallowed as incurred for internal use or convenience of counsel |
| 2/26/20 expense of $25.40 for 254 color copies for "printing of motion/exhibits/reports for use during pretrial hearing" | Disallowed as incurred for internal use or convenience of counsel |
| 2/26/20 expense of $29.40 for 294 copies for "printing of Plaintiff's photographs" | Disallowed as incurred for internal use or convenience of counsel |
| 4/29/21 expense of $86.80 for 868 copies for "printing of exhibits/pleadings/transcripts for use during trial" | Disallowed as incurred for internal use or convenience of counsel |

| | |
|---|---|
| 6/2/21 expense of $37.40 for 374 for "printing of exhibits/pleadings/transcripts for use during trial" | Disallowed as incurred for internal use or convenience of counsel |
| 6/4/21 expense of $49.80 for 498 for "printing of exhibits/pleadings/transcripts for use during trial" | Disallowed as incurred for internal use or convenience of counsel |
| 6/11/21 expense of $10.40 for 104 color copies for "printing of exhibits/pleadings/transcripts for use during trial" | Disallowed as incurred for internal use or convenience of counsel |
| 6/15/21 expense of $215.80 for 2,158 color copies for "printing of exhibits/pleadings/transcripts for use during trial" | Disallowed as incurred for internal use or convenience of counsel |
| 6/16/21 expense of $57.40 for 574 color copies for "printing of exhibits/pleadings/transcripts for use during trial" | Disallowed as incurred for internal use or convenience of counsel |
| 6/16/21 expense of $84.20 for 842 color copies for "printing of exhibits/pleadings/transcripts for use during trial" | Disallowed as incurred for internal use or convenience of counsel |

The total amount **ALLOWED** for copying fees is $526.70.

### Other Costs

Defendants request $2,582.00 in storage fees associated with the costs for storing physical evidence that was used during trial. [Doc. 252, p. 1; Doc. 252-1, p. 53; Doc. 254, pp. 11-12]. The Clerk may only tax as costs as permitted by statute. Neither Sections 1821 nor 1920 of Title 28 United States Code provides any authority for taxing costs for evidence storage. *See Nichoslon v. Biomet, Inc.*, 537 F.Supp.3d 990, 1036 (N.D. Iowa May 6, 2021) (holding that because nothing in Section 1920 discusses evidence storage fees, the costs requested for device storage fees could not be taxed). Accordingly, the $2,582.00 requested as evidence storage fees will be **DISALLOWED**.

The Defendants also request $460.00 in PACER fees. [Doc. 252, p.1; Doc. 252-1, p. 53]. Plaintiff objects to these fees [Doc. 253, pp. 6-7] and Defendants have withdrawn their request for these fees [Doc. 254, p. 12]. Accordingly, the undersigned shall not address the request for PACER fees.

## Total Allowed Costs

The following costs are hereby taxed against Plaintiff in favor of Defendants, pursuant to Federal Rule Civil Procedure 54(d) and Eastern District of Tennessee Local Rule 54.1:

| | |
|---|---|
| Fees for Service | $721.12 |
| Fees for Transcripts: | $1,216.05 |
| Fees for Witnesses: | $705.13 |
| Fees for Copies: | $526.70 |
| **TOTAL ALLOWED COSTS**: | $3,169.00 |

**LEANNA R. WILSON, CLERK**

By: s/ Chris Field

Chief Deputy Clerk